POWERS–SIMPSON COMPANY v. WILLIAM DELEHUNT.[1]

August 7, 1908.

Nos. 15,723—(233).

**Appeal from Order as Amended.**

When, after an appeal is taken from an order granting a new trial, the case is remanded to the trial court in order that an application may be made to have the order amended so that it will state the ground upon which it was made, and the order is amended, and the records of the proceedings duly returned into this court, the appeal is from the order as amended.

**Evidence.**

The evidence in this case was not manifestly and palpably in favor of the verdict, and the order granting a new trial is affirmed.

Action in the district court for St. Louis county to recover $2,-367.81 upon two causes of action. The first cause of action was for supplies claimed to have been furnished the appellant pursuant to a contract between the parties, whereby the appellant agreed to cut certain timber in Itasca county. The amount claimed under this cause of action was $1,106.83. The second cause of action was for money paid at appellant's request for labor performed under said contract and amounted to $1,141.83. Defendant interposed eleven counterclaims for $4,521.62. The case was tried before Ensign, J., and a jury which rendered a verdict in favor of defendant for $4,-497.43. From an order granting plaintiff's motion for a new trial, defendant appealed. Affirmed.

[1] Reported in 117 N. W. 503.

*J. H. Whitely* and *H. J. Grannis,* for appellant.

*H. B. Fryberger,* for respondent.

ELLIOTT, J.

This action was brought to recover a sum of money claimed to be due on two causes of action—one for supplies claimed to have been furnished to the defendant under a contract whereby the defendant was to cut certain timber for plaintiff, and the other for money paid by the plaintiff at the request of the defendant for labor and material used in the performance of said contract. The defendant pleaded a counterclaim, and recovered a verdict thereon against the plaintiff for the sum of $4,497.43. The court set aside the verdict, but in the order did not state that the motion was granted because the verdict was not sustained by the evidence. The defendant appealed from this order, and thereafter the plaintiff had the case remanded to the district court in order that an application to amend the order might be made. The district court amended the original order by adding the words: "That the reason said motion for a new trial is granted is because the verdict is not justified by the evidence."

The appellant now contends that he is entitled to have the merits of the appeal determined upon the order as it originally stood. The cases cited in support of this view are not applicable, as they refer to corrections and modifications made by the trial court after an appeal has been taken, and after the court has lost jurisdiction. In this instance the case was remanded, and jurisdiction again vested in the district court, for the purpose of hearing the motion, and the amended order must be treated as the order from which the appeal was taken. The evidence upon which the defendant relied was not very convincing, and the discretionary power of the trial court was not abused.

The other assignments of error have been considered, and found without merit.

Order affirmed.